# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO. 02-00242-001 |
| | ) |
| CALVIN DONALD LAND, JR., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| AUSTAL USA, LLC, and its successors or assigns, | ) |
| | ) |
| Garnishee. | ) |

**FINAL ORDER FOR DISPOSITION OF GARNISHED FUNDS**

This matter comes before this Court upon the motion of the United States of America for entry of final order for disposition garnished funds filed April 4, 2012 (Doc. 21). The Court being fully advised in the premises and for good cause shown the motion hereby is **GRANTED**.

It is therefore **ORDERED** that:

1. The Garnishee, <u>and its successors or assigns</u>, immediately turn over any and all monies withheld or derived since service of the Writ of Garnishment to the Clerk of Court.

2. This garnishment is one for wages, salary, or other compensation, and it is deemed a continuing writ of garnishment, therefore, the Garnishee is **ORDERED** to pay into the hands of the Clerk of Court, <u>at least monthly</u>, the lesser of:

a. Twenty-five percent (25%) of judgment defendant's disposable earnings; or

b. All amounts of judgment defendant's disposable earnings in excess of thirty times the federal minimum hourly wage.

See 15 U.S.C. § 1673(a).

To calculate disposable earnings, subtract the following from wages, commissions, and income:

1. Federal Income Tax
2. Federal Social Security Tax
3. State and Local Income Tax

Checks are to be made payable to the U.S. Clerk of Court and mailed or delivered to the following address:

> U.S. Clerk of Court
> 113 St. Joseph Street
> Mobile, AL 36602
>
> Ref: CALVIN DONALD LAND, JR./02-00242-001

3. The United States of America will make an annual accounting to the Garnishee and the Defendant pursuant to 28 U.S.C. § 3205(c)(9)(A).

4. The garnishment remains in effect until terminated by one of the following:

(a) a court order quashing the writ of garnishment;

(b) exhaustion of property in the possession, custody, or control of the garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), **unless the garnishee reinstates or reemploys the defendant within 90 days after the defendant's dismissal or resignation;**

(c) satisfaction of the debt with respect to which the writ is issued. See 28 U.S.C. § 3205(c)(10).

5. Upon termination of the writ of garnishment as outlined above and as required by 28 U.S.C. §3205(c)(9)(B), the United States will make a cumulative accounting of all property it receives under the Writ of Garnishment to the Garnishee and Defendant within ten (10) days after the garnishment terminates. Within ten (10) days after such accounting is received, Defendant and/or Garnishee may file a written objection to the accounting and request a hearing. The party objecting shall state grounds for the objection. The court shall hold a hearing on the objection within ten (10) days after receipt of the request, or as soon thereafter as is possible.

6. Finally, this Order shall take effect after all prior orders of garnishment, if any, have been satisfied. Pursuant to 28 U.S.C. §3205(c)(8), judicial orders and garnishments for the support of a person shall have priority over this writ of garnishment. As to any other writ of garnishment or levy, this writ of garnishment has priority over writs which are issued later in time.

**DONE and ORDERED** this 5th day of April, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE